| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
| | ) | |
| COUNTY OF LAKE | ) | SITTING IN_____, INDIANA |

KACIE KRAUSE and MARCUS                    )
HARVEY, Individually and on behalf         )
of K██ H████, a minor,                     )
                                           )
      Plaintiffs,                    )
                                           )
-vs-                                       ) CAUSE NO.  45 D01 1206 CT 0128
                                           )
KEITH M. RAMSEY, M.D., P.C.,               )
KEITH M. RAMSEY MEDICAL CORP.,             )
QUEEN MARSH, M.D.,                         )
NORTHSHORE COMMUNITY                       )
HEALTH CENTERS, INC, and                   )
NORTHSHORE HEALTH                          )
CENTERS, INC,                              )
                                           )
      Defendants.                    )

**Filed in Clerk's Office**

AUG 1 0 2012

*[signature]*

CLERK LAKE CIRCUIT COURT

## COMPLAINT FOR MEDICAL MALPRACTICE

### COUNT I

    *COME NOW*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, Individually and on behalf of **KYLA H█████**, a minor, by counsel, and for their causes of action against the defendant, **KEITH M. RAMSEY, M.D., P.C.,** ("Ramsey PC"), allege and say as follows:

    1.    At all times relevant hereto, **Kacie Krause and K██ H████** were a "patients" of **Ramsey PC**.

    2.    At all times relevant hereto, **Ramsey PC** was duly licensed to practice medicine under the laws of the State of Indiana.

    3.    At all times relevant hereto, the skilled agents, employees and personnel of

Ramsey PC were acting within the scope of their agency and employment relationship with Ramsey PC.

4.      On or about June 28, 2010, and continuing thereafter, **Ramsey PC**, its agents, employees and personnel undertook the care and treatment of **Kacie Krause and K██ H█████**.

5.      In caring for and treating **Kacie Krause and K██ H█████**, **Ramsey PC** breached the applicable standards of care.

6.      As a direct and proximate result of said acts and omissions on the part of **Ramsey PC**, its agents, employees, and personnel **K██ H█████** suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7.      As a direct and proximate result of said acts and omissions on the part of **Ramsey PC**, its agents, employees, and personnel, **Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8.      At all times relevant hereto, **Marcus Harvey** was the natural parent of **K██ H█████**, a minor.

*WHEREFORE*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, Individually and on behalf of **K██ H█████**, a minor, pray for damages against the

2

defendant, **KEITH M. RAMSEY, M.D., P.C.**, as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

Barry D. Rooth, # 6418-45
Holly S.G. Wojcik, # 23197-64
Attorneys for the Plaintiffs
**THEODOROS & ROOTH, P.C.**
8750 Broadway, Ste. A
Merrillville, IN   46410
(219) 769-6393

### COUNT II

*COME NOW*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, **Individually and on behalf of K███ H███████**, a minor, by counsel, and for their causes of action against the defendant, **RAMSEY MEDICAL CORP ("Ramsey CORP")**, allege and say as follows:

1. At all times relevant hereto, **Kacie Krause** was a "patient" of **Ramsey CORP**.

2. At all times relevant hereto, **Ramsey CORP** was duly licensed to practice medicine under the laws of the State of Indiana.

3. At all times relevant hereto, the skilled agents, employees and personnel of **Ramsey CORP** were acting within the scope of their agency and employment relationship with **Ramsey CORP**.

4. On or about June 28, 2010, and continuing thereafter, **Ramsey CORP** its agents, employees and personnel undertook the care and treatment of **Kacie Krause** and **K██ H████**.

5. In caring for and treating **Kacie Krause** and **K██ H████**, **Ramsey CORP**

3

breached the applicable standards of care.

6.     As a direct and proximate result of said acts and omissions on the part of **Ramsey CORP**, its agents, employees, personnel and **Keith M. Ramsey, M.D., K██ H████** suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7.     As a direct and proximate result of said acts and omissions on the part of **Ramsey CORP**, its agents, employees, and personnel, **Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8.     At all times relevant hereto, **Marcus Harvey** was the natural parent of **K██ H████**, a minor.

*WHEREFORE*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, **Individually and on behalf of K██ H████**, **a minor**, pray for damages against the defendant, **RAMSEY MEDICAL CORP**, as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

4

Respectfully submitted,

Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
**THEODOROS & ROOTH, P.C.**
8750 Broadway, Ste. A
Merrillville, IN   46410
(219) 769-6393

### COUNT III

*COME NOW*, the plaintiffs, **KACIE KRAUSE and MARCUS HARVEY**,
**Individually and on behalf of K██ H██████**, a minor, by counsel, and for their causes of

action against the defendant, **QUEEN MARSH, M.D. ("Marsh")**, allege and say as follows:

1.    At all times relevant hereto, **Kacie Krause** was a "patient" of **Marsh**.

2.    At all times relevant hereto, **Marsh** was a physician duly licensed to practice

medicine under the laws of the State of Indiana.

3.    On or about June 28, 2010, and continuing thereafter, **Marsh** undertook the care

and treatment of **Kacie Krause** and **K██ H██████**.

4.    In caring for and treating **Kacie Krause and K██ H██████**, **Marsh** breached the

applicable standards of care.

5.    As a direct and proximate result of said acts and omissions on the part of **Marsh**,

**K██ H████** suffered severe and permanent physical injuries and disabilities which affect and

will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the

future, great pain, emotional distress and mental trauma, has incurred and will continue to incur

in the future, reasonable medical and related expenses, and has lost and will continue to lose

5

wages, profits and income.

6.     As a direct and proximate result of said acts and omissions on the part of **Marsh**,

**Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and

will continue to suffer in the future, great pain, emotional distress and mental trauma, has

incurred and will continue to incur in the future, reasonable medical and related expenses, and

has lost and will continue to lose wages, profits and income.

7.     At all times relevant hereto, **Marcus Harvey** was the natural parent of K█████

H█████, a minor.

*WHEREFORE*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**,

**Individually and on behalf of K████ H███████, a minor**, pray for damages against the

defendant, **QUEEN MARSH, M.D.**, as are reasonable in the premises, the costs of this action,

pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
**THEODOROS & ROOTH, P.C.**
8750 Broadway, Ste. A
Merrillville, IN 46410
(219) 769-6393

### COUNT IV

*COME NOW*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**,

**Individually and on behalf of K████ H███████, a minor**, by counsel, and for their causes of

action against the defendant, **NORTHSHORE COMMUNITY HEALTH CENTERS, INC.**

6

("Northshore Community"), allege and say as follows:

1.    At all times relevant hereto, Kacie Krause was a "patient" of Northshore Community.

2.    At all times relevant hereto, Northshore Community was duly licensed to practice medicine under the laws of the State of Indiana.

3.    At all times relevant hereto, Keith M. Ramsey, M.D., Queen Marsh, M.D., and the other skilled agents, employees and personnel of Northshore Community were acting within the scope of their agency and employment relationship with Northshore Community.

4.    On or about June 28, 2010, and continuing thereafter, Northshore Community, Keith M. Ramsey, M.D., Queen Marsh, M.D., its agents, employees and personnel undertook the care and treatment of Kacie Krause and K██ H█████.

5.    In caring for and treating Kacie Krause and K███ H█████, Northshore Community breached the applicable standards of care.

6.    As a direct and proximate result of said acts and omissions on the part of Northshore Community, its agents, employees, personnel, and Queen Marsh, M.D., K███ H█████ suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7.    As a direct and proximate result of said acts and omissions on the part of Northshore Community, its agents, employees, personnel and Queen Marsh, M.D., Kacie

7

Krause suffered severe and permanent physical injuries and disabilities, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8.     At all times relevant hereto, **Marcus Harvey** was the natural parent of K██ H██████, a minor.

*WHEREFORE,* the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, **Individually and on behalf of K██ H██████,** a minor, pray for damages against the defendant, **NORTHSHORE COMMUNITY HEALTH CENTERS, INC,** as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

Barry D. Rooth, # 6418-45
Holly S. C. Wojcik, # 23797-64
Attorneys for the Plaintiffs
**THEODOROS & ROOTH, P.C.**
8750 Broadway, Ste. A
Merrillville, IN   46410
(219) 769-6393

## COUNT V

*COME NOW,* the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, **Individually and on behalf of K██ H██████,** a minor, by counsel, and for their causes of action against the defendant, **NORTHSHORE HEALTH CENTERS, INC.** ("Northshore INC"), allege and say as follows:

1.      At all times relevant hereto, **Kacie Krause and K█████ H█████** were "patients" of **Northshore INC.**

2.      At all times relevant hereto, **Northshore INC** was duly licensed to practice medicine under the laws of the State of Indiana.

3.      At all times relevant hereto, **Queen Marsh, M.D.,** and the other skilled agents, employees and personnel of **Northshore INC** were acting within the scope of their agency and employment relationship with **Northshore INC.**

4.      On or about June 28, 2010, and continuing thereafter, **Northshore INC, Queen Marsh, M.D.,** its agents, employees and personnel undertook the care and treatment of **Kacie Krause and K██ H█████.**

5.      In caring for and treating **Kacie Krause and K██ H█████, Northshore INC** breached the applicable standards of care.

6.      As a direct and proximate result of said acts and omissions on the part of **Northshore INC,** its agents, employees, personnel and **Queen Marsh, M.D., K██ H█████** suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7.      As a direct and proximate result of said acts and omissions on the part of **Northshore INC,** its agents, employees, personnel and **Queen Marsh, M.D., Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and will continue to

suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8.   At all times relevant hereto, **Marcus Harvey** was the natural parent of K████ H█████, a minor.

*WHEREFORE*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, Individually and on behalf of K████ H██████, a minor, pray for damages against the defendant, **NORTHSHORE HEALTH CENTERS, INC**, as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
**THEODOROS & ROOTH, P.C.**
8750 Broadway, Ste. A
Merrillville, IN   46410
(219) 769-6393

### JURY DEMAND

*COME NOW* the plaintiffs, by counsel, and demand trial by jury.

Respectfully submitted,

Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
**THEODOROS & ROOTH, P.C.**
8750 Broadway, Ste. A
Merrillville, IN   46410
(219) 769-6393

10