UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KACIE KRAUSE and MARCUS HARVEY, Individually and on Behalf of KH, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> KEITH M. RAMSEY, M.D., P.C., KEITH M. RAMSEY MEDICAL CORP., QUEEN MARSH, M.D., NORTHSHORE COMMUNITY HEALTH CENTERS, INC., NORTHSHORE HEALTH CENTERS, INC., <br><br> Defendants. | Case No. 2 13 CV 345 <br> (Formally Lake Circuit Court Case No. 45D01-1208-CT-0178) |

## NOTICE OF REMOVAL

Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2), defendants Queen Marsh, M.D. and NorthShore Health Centers, Inc. remove to the United States District Court for the Northern District of Indiana, Hammond Division, the action now pending in the Lake Circuit Court as Case No. 45D01-1208-CT-0178, and state as follows:

1. Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2), on September 26, 2013 the United States Attorney for the Northern District of Indiana, as a delegee of the United States Attorney General pursuant to 28 C.F.R. § 15.3(a), certified that defendants Queen Marsh, M.D. and NorthShore Health Centers, Inc. were acting within the scope of their office or employment as deemed Public Health Service employees pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) at the time of the incident out of which the claims in plaintiffs' complaint arose. A copy of the

complaint and summons received by NorthShore Health Centers, Inc. is attached as Exhibit 1 to this Notice of Removal.

2. Pursuant to both the Public Health Service Act, 42 U.S.C. § 233(c), and the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(d)(2), the Attorney General "shall" remove this case to this Court "at any time before trial." Accordingly, this Notice of Removal is timely filed because no trial has begun or occurred in this case.

## CONCLUSION

For the foregoing reasons, defendants Queen Marsh, M.D. and NorthShore Health Centers, Inc. remove to the United States District Court for the Northern District of Indiana, Hammond Division, the action now pending in the Lake Circuit Court as Case No. 45D01-1208-CT-0178.

Respectfully submitted,

DAVID CAPP
UNITED STATES ATTORNEY

*Wayne T. Ault*

WAYNE T. AULT
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Telephone: 219-937-5500
Telecopy: 219-852-2770
Internet Address: Wayne.Ault@usdoj.gov

Counsel for Defendants Queen Marsh, M.D. and NorthShore Health Centers, Inc.

2

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal was served by United States Mail, postage prepaid, this 25th day of September, 2013 on:

>Barry D. Rooth
>Holly S.C. Wojcik
>Theodoros & Rooth, P.C.
>8750 Broadway, Suite A
>Merrillville, Indiana 46410

>Counsel for Plaintiffs

>Ami T. Anderson
>O'Neill, McFadden & Willett LLP
>833 West Lincoln Highway, Suite 410W
>Schererville, Indiana 46375

>Counsel for Defendants Keith M. Ramsey, M.D., P.C.
>and Keith M. Ramsey Medical Corp.

*Wayne T. Ault*
Wayne T. Ault
Assistant United States Attorney

# EXHIBIT 1

| | |
|---|---|
| STATE OF INDIANA ) | IN THE LAKE _____ COURT |
| ) | |
| COUNTY OF LAKE ) | SITTING IN _____, INDIANA |

KACIE KRAUSE and MARCUS )
HARVEY, Individually and on behalf )
of K▇▇ H▇▇▇, a minor, )
)
    Plaintiffs, )
)
-vs- ) CAUSE NO. 45D01 1208 CT 0128
)
KEITH M. RAMSEY, M.D., P.C., )
KEITH M. RAMSEY MEDICAL CORP., )
QUEEN MARSH, M.D., )
NORTHSHORE COMMUNITY )
HEALTH CENTERS, INC, and )
NORTHSHORE HEALTH )
CENTERS, INC, )
)
    Defendants. )

**Filed in Clerk's Office**

AUG 1 0 2012

*[signature]*
CLERK LAKE CIRCUIT COURT

## COMPLAINT FOR MEDICAL MALPRACTICE

### COUNT I

*COME NOW*, the plaintiffs, KACIE KRAUSE and MARCUS HARVEY, Individually and on behalf of KYLA H▇▇▇, a minor, by counsel, and for their causes of action against the defendant, KEITH M. RAMSEY, M.D., P.C., ("Ramsey PC"), allege and say as follows:

1. At all times relevant hereto, Kacie Krause and K▇ H▇▇ were a "patients" of Ramsey PC.

2. At all times relevant hereto, Ramsey PC was duly licensed to practice medicine under the laws of the State of Indiana.

3. At all times relevant hereto, the skilled agents, employees and personnel of

1

Ramsey PC were acting within the scope of their agency and employment relationship with Ramsey PC.

4. On or about June 28, 2010, and continuing thereafter, **Ramsey PC**, its agents, employees and personnel undertook the care and treatment of **Kacie Krause** and **K███ H████**.

5. In caring for and treating **Kacie Krause and K███ H████**, **Ramsey PC** breached the applicable standards of care.

6. As a direct and proximate result of said acts and omissions on the part of **Ramsey PC**, its agents, employees, and personnel **K███ H████** suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7. As a direct and proximate result of said acts and omissions on the part of **Ramsey PC**, its agents, employees, and personnel, **Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8. At all times relevant hereto, **Marcus Harvey** was the natural parent of **K███ H████**, a minor.

*WHEREFORE*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, Individually and on behalf of **K███ H██████**, a minor, pray for damages against the

2

defendant, KEITH M. RAMSEY, M.D., P.C., as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

*Holly D. Wojcik*

Barry D. Rooth, # 6418-45
Holly S.Q. Wojcik, # 23197-64
Attorneys for the Plaintiffs
THEODOROS & ROOTH, P.C.
8750 Broadway, Ste. A
Merrillville, IN 46410
(219) 769-6393

## COUNT II

*COME NOW*, the plaintiffs, KACIE KRAUSE and MARCUS HARVEY, Individually and on behalf of K███ H█████, a minor, by counsel, and for their causes of action against the defendant, RAMSEY MEDICAL CORP ("Ramsey CORP"), allege and say as follows:

1. At all times relevant hereto, **Kacie Krause** was a "patient" of **Ramsey CORP**.

2. At all times relevant hereto, **Ramsey CORP** was duly licensed to practice medicine under the laws of the State of Indiana.

3. At all times relevant hereto, the skilled agents, employees and personnel of **Ramsey CORP** were acting within the scope of their agency and employment relationship with **Ramsey CORP**.

4. On or about June 28, 2010, and continuing thereafter, **Ramsey CORP** its agents, employees and personnel undertook the care and treatment of **Kacie Krause** and K██ H████.

5. In caring for and treating **Kacie Krause** and K██ H████, **Ramsey CORP**

3

USDC IN/ND case 2:13-cv-00345-PPS-APR   document 2   filed 09/25/13   page 8 of 15

breached the applicable standards of care.

6. As a direct and proximate result of said acts and omissions on the part of **Ramsey CORP**, its agents, employees, personnel and **Keith M. Ramsey, M.D., K■ H■** suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7. As a direct and proximate result of said acts and omissions on the part of **Ramsey CORP**, its agents, employees, and personnel, **Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8. At all times relevant hereto, **Marcus Harvey** was the natural parent of **K■ H■**, a minor.

*WHEREFORE*, the plaintiffs, KACIE KRAUSE and MARCUS HARVEY, Individually and on behalf of K■ H■, a minor, pray for damages against the defendant, RAMSEY MEDICAL CORP, as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

4

Respectfully submitted,

_____
Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
**THEODOROS & ROOTH, P.C.**
8750 Broadway, Ste. A
Merrillville, IN  46410
(219) 769-6393

## COUNT III

*COME NOW,* the plaintiffs, **KACIE KRAUSE and MARCUS HARVEY,** Individually and on behalf of K███ H██████, a minor, by counsel, and for their causes of action against the defendant, **QUEEN MARSH, M.D. ("Marsh")**, allege and say as follows:

1. At all times relevant hereto, **Kacie Krause** was a "patient" of **Marsh**.

2. At all times relevant hereto, **Marsh** was a physician duly licensed to practice medicine under the laws of the State of Indiana.

3. On or about June 28, 2010, and continuing thereafter, **Marsh** undertook the care and treatment of **Kacie Krause** and K██ H████.

4. In caring for and treating **Kacie Krause** and K██ H████, **Marsh** breached the applicable standards of care.

5. As a direct and proximate result of said acts and omissions on the part of **Marsh**, K██ H████ suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose

wages, profits and income.

6. As a direct and proximate result of said acts and omissions on the part of **Marsh**, **Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7. At all times relevant hereto, **Marcus Harvey** was the natural parent of K███ H███, a minor.

*WHEREFORE*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, Individually and on behalf of K███ H███, a minor, pray for damages against the defendant, **QUEEN MARSH, M.D.**, as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Holly D. Wojcik*
Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
THEODOROS & ROOTH, P.C.
8750 Broadway, Ste. A
Merrillville, IN 46410
(219) 769-6393

## COUNT IV

*COME NOW*, the plaintiffs, **KACIE KRAUSE** and **MARCUS HARVEY**, Individually and on behalf of K███ H███, a minor, by counsel, and for their causes of action against the defendant, **NORTHSHORE COMMUNITY HEALTH CENTERS, INC.**

("Northshore Community"), allege and say as follows:

1. At all times relevant hereto, **Kacie Krause** was a "patient" of **Northshore Community.**

2. At all times relevant hereto, **Northshore Community** was duly licensed to practice medicine under the laws of the State of Indiana.

3. At all times relevant hereto, **Keith M. Ramsey, M.D., Queen Marsh, M.D.,** and the other skilled agents, employees and personnel of **Northshore Community** were acting within the scope of their agency and employment relationship with **Northshore Community.**

4. On or about June 28, 2010, and continuing thereafter, **Northshore Community, Keith M. Ramsey, M.D., Queen Marsh, M.D.,** its agents, employees and personnel undertook the care and treatment of **Kacie Krause** and **K▆ H▆**.

5. In caring for and treating **Kacie Krause** and **K▆ H▆**, **Northshore Community** breached the applicable standards of care.

6. As a direct and proximate result of said acts and omissions on the part of **Northshore Community,** its agents, employees, personnel, and **Queen Marsh, M.D., K▆ H▆** suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7. As a direct and proximate result of said acts and omissions on the part of **Northshore Community,** its agents, employees, personnel and **Queen Marsh, M.D., Kacie**

7

Krause suffered severe and permanent physical injuries and disabilities, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8. At all times relevant hereto, Marcus Harvey was the natural parent of K███ H███, a minor.

WHEREFORE, the plaintiffs, KACIE KRAUSE and MARCUS HARVEY, Individually and on behalf of K███ H██████, a minor, pray for damages against the defendant, NORTHSHORE COMMUNITY HEALTH CENTERS, INC, as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

Barry D. Rooth, # 6418-45
Holly S. C. Wojcik, # 23797-64
Attorneys for the Plaintiffs
THEODOROS & ROOTH, P.C.
8750 Broadway, Ste. A
Merrillville, IN 46410
(219) 769-6393

## COUNT V

COME NOW, the plaintiffs, KACIE KRAUSE and MARCUS HARVEY, Individually and on behalf of K███ H██████, a minor, by counsel, and for their causes of action against the defendant, NORTHSHORE HEALTH CENTERS, INC. ("Northshore INC"), allege and say as follows:

1. At all times relevant hereto, Kacie Krause and K███ H███ were "patients" of Northshore INC.

2. At all times relevant hereto, **Northshore INC** was duly licensed to practice medicine under the laws of the State of Indiana.

3. At all times relevant hereto, **Queen Marsh, M.D.**, and the other skilled agents, employees and personnel of **Northshore INC** were acting within the scope of their agency and employment relationship with **Northshore INC**.

4. On or about June 28, 2010, and continuing thereafter, **Northshore INC, Queen Marsh, M.D.**, its agents, employees and personnel undertook the care and treatment of **Kacie Krause** and K███ H███.

5. In caring for and treating **Kacie Krause** and K███ H███, **Northshore INC** breached the applicable standards of care.

6. As a direct and proximate result of said acts and omissions on the part of **Northshore INC**, its agents, employees, personnel and **Queen Marsh, M.D.**, K███ H███ suffered severe and permanent physical injuries and disabilities which affect and will continue to affect her ability to enjoy life, has suffered and will continue to suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

7. As a direct and proximate result of said acts and omissions on the part of **Northshore INC**, its agents, employees, personnel and **Queen Marsh, M.D.**, **Kacie Krause** suffered severe and permanent physical injuries and disabilities, has suffered and will continue to

9

suffer in the future, great pain, emotional distress and mental trauma, has incurred and will continue to incur in the future, reasonable medical and related expenses, and has lost and will continue to lose wages, profits and income.

8. At all times relevant hereto, Marcus Harvey was the natural parent of K████ H████, a minor.

*WHEREFORE*, the plaintiffs, KACIE KRAUSE and MARCUS HARVEY, Individually and on behalf of K████ H████, a minor, pray for damages against the defendant, NORTHSHORE HEALTH CENTERS, INC, as are reasonable in the premises, the costs of this action, pre-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Holly D.S. Wojcik*
Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
THEODOROS & ROOTH, P.C.
8750 Broadway, Ste. A
Merrillville, IN  46410
(219) 769-6393

## JURY DEMAND

*COME NOW* the plaintiffs, by counsel, and demand trial by jury.

Respectfully submitted,

*/s/ Holly D.S. Wojcik*
Barry D. Rooth, # 6418-45
Holly S.C. Wojcik, # 23197-64
Attorneys for the Plaintiffs
THEODOROS & ROOTH, P.C.
8750 Broadway, Ste. A
Merrillville, IN  46410
(219) 769-6393

| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
|---|---|---|
| | ) | |
| COUNTY OF LAKE | ) | SITTING IN _____, INDIANA |

KACIE KRAUSE and MARCUS
HARVEY, Individually and on behalf
of K███ H█████, a minor,

  Plaintiffs,

  vs.

KEITH M. RAMSEY, M.D., P.C.,
KEITH M. RAMSEY MEDICAL CORP.,
QUEEN MARSH, M.D.,
NORTHSHORE COMMUNITY
HEALTH CENTERS, INC,   and
NORTHSHORE HEALTH CENTERS, INC,

  Defendants.

CAUSE NO.
45D01 1208 CT 0178

**Filed in Clerk's Office**

AUG 10 2012

CLERK LAKE CIRCUIT COURT

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT:  Highest Executive Officer
  c/o Keith M. Ramsey, M.D., P.C.
  1471 E. 84th Place
  Merrillville, IN 46410

You have been sued by the person(s) identified as "Plaintiff", in the Court stated above.

The nature of the suit against you is stated in the complaint which is attached to this SUMMONS. It also states the demand which the plaintiff has made against you.

You must either personally or by your attorney file your answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated: Certified Mail

Date: August 10, 2012

Counsel for Plaintiff:
Barry D. Rooth, #6418-45
THEODOROS & ROOTH PC
8750 Broadway, Ste. A
Merrillville, IN 46410
219/769-6393
PREPARATION DATA:

All Summonses are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service.
If service is by certified mail a properly addressed envelope shall be provided for each Defendant.
Certified mail labels and return receipts must also be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court.

C180159